## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF
### DIVISION

In re:                                      §
                                            §
Kevin J Cammack                             §        Case No. 12-15313
Stacy L Cammack                             §
                                            §
                        Debtor(s)           §

---

### TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter     of the United States Bankruptcy Code was filed on
    .  The undersigned trustee was appointed on .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to
the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned
pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the
disposition of all property of the estate is attached as **Exhibit A**.

4.  The trustee realized gross receipts of                        $

        Funds were disbursed in the following amounts:

        Payments made under an interim
        disbursement
        Administrative expenses
        Bank service fees
        Other payments to creditors
        Non-estate funds paid to 3rd Parties
        Exemptions paid to the debtor
        Other payments to the debtor

        Leaving a balance on hand of[1]                       $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement
will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the
maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was                    and the deadline for filing governmental claims was                    . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $            . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $         as interim compensation and now requests a sum of $            , for a total compensation of $         [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $         , and now requests reimbursement for expenses of $        , for total expenses of $         [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/Joji Takada, Chapter 7 Trustee_____
                                                    Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

Case 12-15313   Doc 33   Filed 03/25/13   Entered 03/25/13 12:41:46   Desc Main
Document   Page 3 of 9

## FORM 1
### INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
### ASSET CASES

Exhibit A

| Case No: | 12-15313 | BWB | Judge: | Bruce W. Black | Trustee Name: | Joji Takada, Chapter 7 Trustee |

| Case Name: | Kevin J Cammack | | Date Filed (f) or Converted (c): | 04/16/2012 (f) |
| | Stacy L Cammack | | 341(a) Meeting Date: | 05/09/2012 |
| For Period Ending: | 02/02/2013 | | Claims Bar Date: | 01/23/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description<br>(Scheduled and Unscheduled (u) Property) | Petition/<br>Unscheduled<br>Values | Est Net Value<br>(Value Determined<br>by Trustee, Less<br>Liens, Exemptions,<br>and Other Costs) | Property Formally<br>Abandoned<br>OA=554(a) | Sale/Funds<br>Received by<br>the Estate | Asset Fully<br>Administered<br>(FA)/<br>Gross Value of<br>Remaining<br>Assets |
| 1. Checking Account At Mb Financial | 500.00 | 0.00 | | 0.00 | FA |
| 2. All Household Goods In Debtors' Residence. | 1,000.00 | 0.00 | | 0.00 | FA |
| 3. Books, Frames And Other Knick Knacks. | 350.00 | 0.00 | | 0.00 | FA |
| 4. Used Clothing | 300.00 | 0.00 | | 0.00 | FA |
| 5. Universal Life Insurance Policy Through State Farm | 2,370.00 | 0.00 | | 0.00 | FA |
| 6. 401K | 12,000.00 | 0.00 | | 0.00 | FA |
| 7. Ira | 500.00 | 0.00 | | 0.00 | FA |
| 8. 2011 Tax Refund Recieved $2500 In March 2012. Money Used For | 0.00 | 0.00 | | 0.00 | FA |
| 9. 2008 Chrysler Sebring With 50000 Miles. Value Based On Kbb.C | 7,755.00 | 6,355.00 | | 0.00 | FA |
| 10. 2008 Chevy Malibu With 100000 Miles. Value Based On Kbb.Com | 7,040.00 | 7,040.00 | | 0.00 | FA |
| 11. 1990 Rexall Airex Trailer Value Based On Comps Of Same Age A | 5,000.00 | 0.00 | | 0.00 | FA |
| 12. Personal Injury Claim | 28,000.00 | 0.00 | | 13,294.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)    $64,815.00    $13,395.00    $13,294.00    $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

013013--Administering undisclosed personal injury settlement; Funds received; Debtor's counsel promptly contacted Trustee of receipt of proceeds and amended schedules regarding same.

Initial Projected Date of Final Report (TFR): 04/16/2014    Current Projected Date of Final Report (TFR): 04/16/2014

Case 12-15313    Doc 33    Filed 03/25/13    Entered 03/25/13 12:41:46    Desc Main

FORM 2
Document    Page 4 of 9

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 12-15313 | Trustee Name: Joji Takada, Chapter 7 Trustee |
| Case Name: Kevin J Cammack | Bank Name: Congressional Bank |
| Stacy L Cammack | Account Number/CD#: XXXXXX8720 |
| | Checking Account |
| Taxpayer ID No: XX-XXX7186 | Blanket Bond (per case limit): |
| For Period Ending: 02/02/2013 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 10/16/12 | 12 | Kevin Cammack | Non-exempt funds Personal injury settlement | 1142-000 | $13,294.00 | | $13,294.00 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $13,294.00 | $0.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $13,294.00 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $13,294.00 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

| Page Subtotals: | $13,294.00 | $0.00 |
|---|---|---|

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX8720 - Checking Account | $13,294.00 | $0.00 | $13,294.00 |
| | $13,294.00 | $0.00 | $13,294.00 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $13,294.00 |
| Total Gross Receipts: | $13,294.00 |

Page Subtotals:                    $0.00              $0.00

Exhibit C

ANALYSIS OF CLAIMS REGISTER

Case Number: 12-15313                                                                                          Date: February 3, 2013

Debtor Name: Kevin J Cammack

Claims Bar Date: 1/23/2013

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100<br>2100 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL  60646 | Administrative | | $0.00 | $2,079.40 | $2,079.40 |
| 1<br>300<br>7100 | GE Capital Retail Bank<br>c/o Recovery Management Systems<br>Corp<br>25 SE 2nd Ave Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $375.00 | $400.00 | $400.00 |
| 2<br>300<br>7100 | American Infosource Lp As Agent<br>for Target<br>PO Box 248866<br>Oklahoma City, OK 73124-8866 | Unsecured | | $2,215.00 | $2,294.09 | $2,294.09 |
| 3<br>300<br>7100 | Capital One Bank (Usa) Na<br>By American Infosource Lp<br>Po Box 71083<br>Charlotte, Nc 28272-1083 | Unsecured | | $635.00 | $674.87 | $674.87 |
| 4<br>300<br>7100 | N. A. Capital One<br>Capital One, N.A.<br>C O Becket And Lee Llp<br>Pob 3001<br>Malvern, Pa 19355-0701 | Unsecured | | $635.00 | $849.28 | $849.28 |
| 5<br>300<br>7100 | Employers Preferred Insurance<br>Company<br>Attn: Marge Chambers<br>255 California Street,Suite 900<br>San Francisco, Ca 94111 | Unsecured | | $0.00 | $2,443.84 | $2,443.84 |
| 6<br>300<br>7100 | N. A. Citibank<br>Citibank, N.A.<br>C/O American Infosource Lp<br>Po Box 248840<br>Oklahoma City, Ok 73124-8840 | Unsecured | | $858.00 | $858.32 | $858.32 |
| 7<br>300<br>7100 | Portfolio Recovery Associates, Llc<br>Pob 41067<br>Norfolk Va 23541 | Unsecured | | $23,777.00 | $24,389.38 | $24,389.38 |
| | Case Totals | | | $28,495.00 | $33,989.18 | $33,989.18 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Page 1                                                                                                 Printed: February 3, 2013

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-15313
Case Name: Kevin J Cammack
             Stacy L Cammack
Trustee Name: Joji Takada, Chapter 7 Trustee

       Balance on hand                                  $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $ | $ | $ |

       Total to be paid for chapter 7 administrative expenses     $_____

       Remaining Balance                            $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $      must be paid in advance of any dividend to general (unsecured) creditors.

       Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be          percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | GE Capital Retail Bank | $ | $ | $ |
| 2 | American Infosource Lp As Agent for Target | $ | $ | $ |
| 3 | Capital One Bank (Usa) Na | $ | $ | $ |
| 4 | N. A. Capital One | $ | $ | $ |
| 5 | Employers Preferred Insurance Company | $ | $ | $ |
| 6 | N. A. Citibank | $ | $ | $ |
| 7 | Portfolio Recovery Associates, Llc | $ | $ | $ |

Total to be paid to timely general unsecured creditors          $_____

Remaining Balance          $_____

Tardily filed claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be          percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE